Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MARCO ARPI, MARCO VINICIO VINANSACA
BARBECHO, JOSUE BAUTISTA, ANGEL BOLAS,
MANUEL TEPALE CASTILLO, ANGEL CHIQUI,
MARGARITO AGUILAR CORONA, BENEDICTO
FLORES, MARGARITO ALCANTARA FLORES,
RIGOBERTO AQUINO GARCIA, MANUEL GUAMAN,
JOSE MEJIA, DOMINGO REYES, MARCELO
SAMANIEGO, MARCO SIGUA, HECTOR SINCHI, JOSE
SINCHI, SEGUNDO TENESACA, and MANUEL JESUS
PUMA VANEGAS, individually and on behalf of all others
similarly situated,

**CLASS ACTION
COMPLAINT**

JURY TRIAL
DEMANDED

                    Plaintiffs,

        -against-

LARINO MASONRY INC., L AND G MASONRY CORP.,
D AND G MASONRY CORP., NEIL GELARDO and JUAN
LUIS LARINO, as individuals,

                    Defendants.

-----------------------------------------------------------------------X

Plaintiffs, **MARCO ARPI, MARCO VINICIO VINANSACA BARBECHO, JOSUE
BAUTISTA, ANGEL BOLAS, MANUEL TEPALE CASTILLO, ANGEL CHIQUI,
MARGARITO AGUILAR CORONA, BENEDICTO FLORES, MARGARITO
ALCANTARA FLORES, RIGOBERTO AQUINO GARCIA, MANUEL GUAMAN, JOSE
MEJIA, DOMINGO REYES, MARCELO SAMANIEGO, MARCO SIGUA, HECTOR
SINCHI, JOSE SINCHI, SEGUNDO TENESACA, and MANUEL JESUS PUMA
VANEGAS, individually and on behalf of all others similarly situated,** (hereinafter referred to

1

as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, **MARCO ARPI, MARCO VINICIO VINANSACA BARBECHO, JOSUE BAUTISTA, ANGEL BOLAS, MANUEL TEPALE CASTILLO, ANGEL CHIQUI, MARGARITO AGUILAR CORONA, BENEDICTO FLORES, MARGARITO ALCANTARA FLORES, RIGOBERTO AQUINO GARCIA, MANUEL GUAMAN, JOSE MEJIA, DOMINGO REYES, MARCELO SAMANIEGO, MARCO SIGUA, HECTOR SINCHI, JOSE SINCHI, SEGUNDO TENESACA, and MANUEL JESUS PUMA VANEGAS, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP., NEIL GELARDO and JUAN LUIS LARINO**, as individuals (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime wage laws arising out of Plaintiffs' employment for **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.**

2. Plaintiff MARCO ARPI was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

3. Plaintiff MARCO VINICIO VINANSACA BARBECHO was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

4. Plaintiff JOSE BAUTISTA was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

5. Plaintiff ANGEL SORIANO BOLAS was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

6. Plaintiff MANUEL TEPALE CASTILLO was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

7. Plaintiff ANGEL CHIQUI was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

8. Plaintiff MARGARITO AGUILAR CORONA was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

9. Plaintiff BENEDICTO FLORES was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

10. Plaintiff MARGARITO ALCANTARA FLORES was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

11. Plaintiff RIGOBERTO AQUINO GARCIA was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

12. Plaintiff MANUEL GUAMAN was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC.,**

L AND G MASONRY CORP., D AND G MASONRY CORP. at various on-site locations throughout New York City.

13. Plaintiff JOSE MEJIA was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

14. Plaintiff DOMINGO REYES was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

15. Plaintiff MARCELO SAMANIEGO was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

16. Plaintiff MARCO SIGUA was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

17. Plaintiff JOSE SINCHI was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

18. Plaintiff HECTOR SINCHI was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

19. Plaintiff SEGUNDO TENESACA was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

20. Plaintiff MANUEL JESUS PUMA VANEGAS was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City.

21. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

23. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

24. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

25. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

26. Plaintiff MARCO ARPI, residing at 39-25 65th Place, Woodside, New York, 11377, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or 2007 until in or around December 2015.

27. Plaintiff MARCO VINICIO VINANSACA BARBECHO, residing at 10850 Union Hall, Jamaica, New York 11433 was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at

various on-site locations throughout New York City, from in or around 2006 until in or around May 2015.

28. Plaintiff JOSE BAUTISTA, residing at 1249 River Avenue, Bronx, New York 10472, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2010 to in or around 2012 and from in or around January 2014 until in or around November 2015.

29. Plaintiff ANGEL BOLAS, residing at 7 Highland Place, Yonkers, New York 10705, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 1995 until in or around April 2014.

30. Plaintiff MANUEL TEPALE CASTILLO, residing at 1039 Intervale, Bronx, New York 10459, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2003 until in or around November 2015.

31. Plaintiff ANGEL CHIQUI, residing at 10462 47th Avenue, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2001 until in or around July 2014.

32. Plaintiff MARGARITO AGUILAR CORONA, residing at 1908 Prospect Avenue, Bronx, New York 10457, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around June 2014.

33. Plaintiff BENEDICTO FLORES, residing at 1161 Elder Avenue, Bronx, New York 10472, was employed by Defendants as a construction worker and mason, while

performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around February 2012 until in or around November 2014.

34. Plaintiff MARGARITO ALCANTARA FLORES, residing at 1161 Elder Avenue, Bronx New York 10472, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2005 until in or around September 2014.

35. Plaintiff RIGOBERTO AQUINO GARCIA, residing at 751 East 161 Street, Bronx New York 10456, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around April 2013.

36. Plaintiff MANUEL GUAMAN, residing at 104-34 37th Drive, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around August 2012.

37. Plaintiff JOSE MEJIA, residing at 804 East 178th Street, Bronx, New York 10460, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around November 2014.

38. Plaintiff DOMINGO REYES, residing at 245 East 110th Street, New York, New York 10029, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2007 until in or around December 2013.

39. Plaintiff MARCELO SAMANIEGO, residing at 1722 Gates Avenue, Ridgewood, New York 11385, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around December 2012 until in or around July 2014.

40. Plaintiff MARCO SIGUA, residing at 32-58 80th Street, East Elmhurst, New York 11370, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2006 until in or around May 2015.

41. Plaintiff JOSE SINCHI, residing at 37-76 104th Street, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2007 until in or around December 2014.

42. Plaintiff HECTOR SINCHI, residing at 37-76 104th Street, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2001 until in or around June 2015.

43. Plaintiff SEGUNDO TENESACA, residing at 2232 Himrod Street, Ridgewood, New York 11385, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around May 2012 until in or around December 2015.

44. Plaintiff MANUEL JESUS PUMA VANEGAS, 255 Powers Street, Brooklyn, New York 11211, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G**

**MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2003 until in or around August 2015.

45. Upon information and belief, Defendant, LARINO MASONRY INC., is a corporation organized under the laws of New York with a principal executive office at 41-43 Manufacturers Place, Newark, New Jersey 07012.

46. Upon information and belief, Defendant, LARINO MASONRY INC., is a corporation authorized to do business under the laws of New York.

47. Upon information and belief, Defendant JUAN LUIS LARINO owns and/or operates LARINO MASONRY INC.

48. Upon information and belief, Defendant JUAN LUIS LARINO manages LARINO MASONRY INC.

49. Upon information and belief, Defendant JUAN LUIS LARINO is the Chairman of the Board of LARINO MASONRY INC.

50. Upon information and belief, Defendant JUAN LUIS LARINO is the Chief Executive Officer of LARINO MASONRY INC.

51. Upon information and belief, Defendant JUAN LUIS LARINO is an agent of LARINO MASONRY INC.

52. Upon information and belief, Defendant JUAN LUIS LARINO has power over personnel decisions at LARINO MASONRY INC.

53. Upon information and belief, Defendant JUAN LUIS LARINO has power over payroll decisions at LARINO MASONRY INC.

54. Defendant JUAN LUIS LARINO has the power to hire and fire employees at LARINO MASONRY INC., establish and pay their wages, set their work schedule, and maintains their employment records.

55. Upon information and belief, Defendant, L AND G MASONRY CORP., is a corporation organized under the laws of New York with a principal executive office at 500 Central Park Avenue, Apt. 232, Scarsdale, New York 10583.

56. Upon information and belief, Defendant, L AND G MASONRY CORP., is a corporation authorized to do business under the laws of New York.

57. Upon information and belief, Defendant NEIL GELARDO owns and/or operates L AND G MASONRY CORP.

58. Upon information and belief, Defendant NEIL GELARDO manages L AND G MASONRY CORP.

59. Upon information and belief, Defendant NEIL GELARDO is the Chairman of the Board of L AND G MASONRY CORP.

60. Upon information and belief, Defendant NEIL GELARDO is the Chief Executive Officer of L AND G MASONRY CORP.

61. Upon information and belief, Defendant NEIL GELARDO is an agent of L AND G MASONRY CORP.

62. Upon information and belief, Defendant NEIL GELARDO has power over personnel decisions at L AND G MASONRY CORP.

63. Upon information and belief, Defendant NEIL GELARDO has power over payroll decisions at L AND G MASONRY CORP.

64. Defendant NEIL GELARDO has the power to hire and fire employees at L AND G MASONRY CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

65. Upon information and belief, Defendant, D AND G MASONRY CORP., is a corporation organized under the laws of New York with a principal executive office at 500 Central Park Avenue, Apt. 232, Scarsdale, New York 10583.

66. Upon information and belief, Defendant, D AND G MASONRY CORP., is a corporation authorized to do business under the laws of New York.

67. Upon information and belief, Defendant NEIL GELARDO owns and/or operates D AND G MASONRY CORP.

68. Upon information and belief, Defendant NEIL GELARDO manages D AND G MASONRY CORP.

69. Upon information and belief, Defendant NEIL GELARDO is the Chairman of the Board of D AND G MASONRY CORP.

70. Upon information and belief, Defendant NEIL GELARDO is the Chief Executive Officer of D AND G MASONRY CORP.

71. Upon information and belief, Defendant NEIL GELARDO is an agent of D AND G MASONRY CORP.

72. Upon information and belief, Defendant NEIL GELARDO has power over personnel decisions at D AND G MASONRY CORP.

73. Upon information and belief, Defendant NEIL GELARDO has power over payroll decisions at D AND G MASONRY CORP.

74. Defendant NEIL GELARDO has the power to hire and fire employees at D AND G MASONRY CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

75. During all relevant times herein, Defendant JUAN LUIS LARINO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

76. During all relevant times herein, Defendant NEIL GELARDO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

77. Upon information and belief, LARINO MASONRY INC., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

78. Upon information and belief, L AND G MASONRY CORP., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

79. Upon information and belief, D AND G MASONRY CORP., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or

produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

80. Plaintiff MARCO ARPI, residing at 39-25 65th Place, Woodside, New York, 11377, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or 2007 until in or around December 2015.

81. Plaintiff MARCO ARPI worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2007 until in or around December 2015.

82. Plaintiff MARCO ARPI was paid by Defendants approximately $18.00 per hour.

83. Although Plaintiff MARCO ARPI worked approximately 54 (fifty-four) hours per week or more per week from in or around 2007 until in or around December 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

84. Plaintiff MARCO VINICIO VINANSACA BARBECHO, residing at 10850 Union Hall, Jamaica, New York 11433 was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2006 until in or around May 2015.

85. Plaintiff MARCO VINICIO VINANSACA BARBECHO worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2006 until in or around May 2015.

86. Plaintiff MARCO VINICIO VINANSACA BARBECHO was paid by Defendants approximately $18.00 per hour.

87. Although Plaintiff MARCO VINICIO VINANSACA BARBECHO worked approximately 54 (fifty-four) hours per week or more per week from in or around 2007 until in or around December 2015, Defendants did not pay Plaintiff time and a

half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

88. Plaintiff JOSUE BAUTISTA, residing at 1249 River Avenue, Bronx, New York 10472 was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2010 to in or around July 2012 and from in or around January 2014 until in or around November 2015.

89. Plaintiff JOSUE BAUTISTA worked approximately 66 (sixty-six) hours per week for Defendants from in or around 2010 to in or around July 2012 and from in or around January 2014 until in or around November 2015.

90. Plaintiff JOSUE BAUTISTA was paid by Defendants approximately $13.22 per hour from in or around 2010 until in or around July 2012 and approximately $18.75 per hour from in or around January 2014 until in or around November 2015.

91. Although Plaintiff JOSUE BAUTISTA worked approximately 66 (sixty-six) hours per week or more per week from in or around 2010 to in or around July 2012 and from in or around January 2014 until in or around November 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

92. Plaintiff ANGEL BOLAS, residing at 7 Highland Place, Yonkers, New York 10705, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 1995 until in or around April 2014.

93. Plaintiff ANGEL BOLAS worked approximately 54 (fifty-four) hours per week for Defendants from in or around 1995 until in or around April 2014.

94. Plaintiff ANGEL BOLAS was paid by Defendants approximately $21.25 per hour.

95. Although Plaintiff ANGEL BOLAS worked approximately 54 (fifty-four) hours per week or more per week from in or around 1995 until in or around April 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for

hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

96. Plaintiff MANUEL TEPALE CASTILLO, residing at 1039 Intervale, Bronx, New York 10459, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2003 until in or around November 2015.

97. Plaintiff MANUEL TEPALE CASTILLO worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2003 until in or around November 2015.

98. Plaintiff MANUEL TEPALE CASTILLO was paid by Defendants approximately $18.00 per hour.

99. Although Plaintiff MANUEL TEPALE CASTILLO worked approximately 54 (fifty-four) hours per week or more per week from in or around 2003 until in or around November 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

100. Plaintiff ANGEL CHIQUI, residing at 10462 47th Avenue, Corona, New York, 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2001 until in or around July 2014.

101. Plaintiff ANGEL CHIQUI worked approximately 66 (sixty-six) hours per week for Defendants from in or around 2001 until in or around July 2014.

102. Plaintiff ANGEL CHIQUI was paid by Defendants approximately $21.25 per hour.

103. Although Plaintiff ANGEL CHIQUI worked approximately 66 (sixty-six) hours per week or more per week from in or around 2001 until in or around July 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

104. Plaintiff MARGARITO AGUILAR CORONA, residing at 1908 Prospect Avenue, Bronx, New York 10457, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around June 2014.

105. Plaintiff MARGARITO AGUILAR CORONA worked approximately 60 (sixty) hours per week for Defendants from in or around 2008 until in or around June 2014.

106. Plaintiff MARGARITO AGUILAR CORONA was paid by Defendants approximately $21.25 per hour.

107. Although Plaintiff MARGARITO AGUILAR CORONA worked approximately 60 (sixty) hours per week or more per week from in or around 2008 until in or around June 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

108. Plaintiff BENEDICTO FLORES, residing at 1161 Elder Avenue, Bronx, New York 10472, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around February 2012 until in or around November 2014.

109. Plaintiff BENEDICTO FLORES worked approximately 60 (sixty) hours per week for Defendants from in or around February 2012 until in or around November 2014.

110. Plaintiff BENEDICTO FLORES was paid by Defendants approximately $22.50 per hour.

111. Although Plaintiff BENEDICTO FLORES worked approximately 60 (sixty) hours per week or more per week from in or around 2008 until in or around June 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

112.    Plaintiff MARGARITO ALCANTARA FLORES, residing at 1161 Elder Avenue, Bronx, New York 10472, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2005 until in or around September 2014.

113.    Plaintiff MARGARITO ALCANTARA FLORES worked approximately 60 (sixty) hours per week for Defendants from in or around 2005 until in or around September 2014.

114.    Plaintiff MARGARITO ALCANTARA FLORES was paid by Defendants approximately $20.00 per hour.

115.    Although Plaintiff MARGARITO ALCANTARA FLORES worked approximately 60 (sixty) hours per week or more per week from in or around 2005 until in or around September 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

116.    Plaintiff RIGOBERTO AQUINO GARCIA, residing at 751 East 161st Street, Bronx, New York 10456, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around April 2013.

117.    Plaintiff RIGOBERTO AQUINO GARCIA worked approximately 60 (sixty) hours per week for Defendants from in or around 2008 until in or around April 2013.

118.    Plaintiff RIGOBERTO AQUINO GARCIA was paid by Defendants approximately $21.25 per hour.

119.    Although Plaintiff RIGOBERTO AQUINO GARCIA worked approximately 60 (sixty) hours per week or more per week from in or around 2008 until in or around April 2013, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

120.    Plaintiff MANUEL GUAMAN, residing at 104-34 37th Drive, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around August 2012.

121.    Plaintiff MANUEL GUAMAN worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2008 until in or around August 2012.

122.    Plaintiff MANUEL GUAMAN was paid by Defendants approximately $21.00 per hour.

123.    Although Plaintiff MANUEL GUAMAN worked approximately 54 (fifty-four) hours per week or more per week from in or around 2008 until in or around August 2012, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

124.    Plaintiff JOSE MEJIA, residing at 804 East 178th Street, Bronx, New York 10460, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2008 until in or around November 2014.

125.    Plaintiff JOSE MEJIA worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2008 until in or around November 2014.

126.    Plaintiff JOSE MEJIA was paid by Defendants approximately $16.00 per hour.

127.    Although Plaintiff JOSE MEJIA worked approximately 54 (fifty-four) hours per week or more per week from in or around 2008 until in or around November 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

128.    Plaintiff DOMINGO REYES, residing at 245 East 110th Street, New York, New York 10029, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G**

**MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2007 until in or around December 2013.

129.    Plaintiff DOMINGO REYES worked approximately 60 (sixty) hours per week for Defendants from in or around 2007 until in or around December 2013.

130.    Plaintiff DOMINGO REYES was paid by Defendants approximately $25.00 per hour.

131.    Although Plaintiff DOMINGO REYES worked approximately 60 (sixty) hours per week or more per week from in or around 2007 until in or around December 2013, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

132.    Plaintiff MARCELO SAMANIEGO, residing at 1722 Gates Avenue, Ridgewood, New York 11385, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around December 2012 until in or around July 2014.

133.    Plaintiff MARCELO SAMANIEGO worked approximately 63 (sixty-three) hours per week for Defendants from in or around December 2012 until in or around July 2014.

134.    Plaintiff MARCELO SAMANIEGO was paid by Defendants approximately $25.00 per hour.

135.    Although Plaintiff MARCELO SAMANIEGO worked approximately 63 (sixty-three) hours per week or more per week from in or around December 2012 until in or around July 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

136.    Plaintiff MARCO SIGUA, residing at 32-58 80th Street, East Elmhurst, New York 11370, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G**

**MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2006 until in or around May 2015.

137.    Plaintiff MARCO SIGUA worked approximately 60 (sixty) hours per week for Defendants from in or around 2006 until in or around May 2015.

138.    Plaintiff MARCO SIGUA was paid by Defendants approximately $15.00 per hour.

139.    Although Plaintiff MARCO SIGUA worked approximately 60 (sixty) hours per week or more per week from in or around 2006 until in or around May 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

140.    Plaintiff HECTOR SINCHI, residing at 3776 104th Street, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2001 until in or around June 2015.

141.    Plaintiff HECTOR SINCHI worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2001 until in or around June 2015.

142.    Plaintiff HECTOR SINCHI was paid by Defendants approximately $27.00 per hour.

143.    Although Plaintiff HECTOR SINCHI worked approximately 57 (fifty-seven) hours per week or more per week from in or around 2001 until in or around June 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

144.    Plaintiff JOSE SINCHI, residing at 3776 104th Street, Corona, New York 11368, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2007 until in or around December 2014.

145.    Plaintiff JOSE SINCHI worked approximately 57 (fifty-seven) hours per week for Defendants from in or around 2007 until in or around December 2014.

146.    Plaintiff JOSE SINCHI was paid by Defendants approximately $18.75 per hour.

147.    Although Plaintiff JOSE SINCHI worked approximately 57 (fifty-seven) hours per week or more per week from in or around 2007 until in or around December 2014, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

148.    Plaintiff SEGUNDO TENESACA, residing at 2232 Himrod Street, Ridgewood, New York 11385, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around May 2012 until in or around December 2015.

149.    Plaintiff SEGUNDO TENESACA worked approximately 66 (sixty-six) hours per week for Defendants from in or around May 2012 until in or around December 2015.

150.    Plaintiff SEGUNDO TENESACA was paid by Defendants approximately $12.22 per hour.

151.    Although Plaintiff SEGUNDO TENESACA worked approximately 66 (sixty-six) hours per week or more per week from in or around May 2012 until in or around December 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

152.    Plaintiff MANUEL JESUS PUMA VANEGAS, residing at 255 Powers Street, Brooklyn, New York 11211, was employed by Defendants as a construction worker and mason, while performing other miscellaneous tasks, **LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP.** at various on-site locations throughout New York City, from in or around 2003 until in or around August 2015.

153.   Plaintiff MANUEL JESUS PUMA VANEGAS worked approximately 54 (fifty-four) hours per week for Defendants from in or around 2003 until in or around August 2015.

154.   Plaintiff MANUEL JESUS PUMA VANEGAS was paid by Defendants approximately $17.50 per hour.

155.   Although Plaintiff MANUEL JESUS PUMA VANEGAS worked approximately 66 (sixty-six) hours per week or more per week from in or around 2003 until in or around August 2015, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

156.   Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

157.   Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

158.   As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.


**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**


159.   Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representatives") bring this action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

All construction workers, masons and laborers who are currently or have been employed by the Defendants at LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class")

without receiving time and a half for hours over 40 each week, at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

160.    The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 100 members of the New York Class during the New York Class Period.

161.    There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   e. The proper measure of damages sustained by the New York Class Representatives and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

162.    The New York Class Representatives fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

163.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

164.    Further, the New York Class Representatives and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

165.    Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

166.    Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

167.    The New York Class Representatives intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

168.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

169.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

170.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

171.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

172.   Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

173.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

174.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

175.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

176.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

177.   Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

178.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

179.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

180.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

181.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

182.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

183.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

184.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.    Awarding Plaintiffs' unpaid overtime wages;

c.    Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d.    Awarding Plaintiffs prejudgment and post-judgment interest;

e.    Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f.    Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
      This 21st day of July 2017.

By:  /s/Helen F. Dalton
Helen F. Dalton, Esq.
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCO ARPI, MARCO VINICIO VINANSACA BARBECHO, JOSUE BAUTISTA, ANGEL
BOLAS, MANUEL TEPALE CASTILLO, ANGEL CHIQUI, MARGARITO AGUILAR
CORONA, BENEDICTO FLORES, MARGARITO ALCANTARA FLORES, RIGOBERTO
AQUINO GARCIA, MANUEL GUAMAN, JOSE MEJIA, DOMINGO REYES, MARCELO
SAMANIEGO, MARCO SIGUA, HECTOR SINCHI, JOSE SINCHI, SEGUNDO TENESACA,
and MANUEL JESUS PUMA VANEGAS, individually and on behalf of all others similarly
situated,

> Plaintiffs,

> -against-

LARINO MASONRY INC., L AND G MASONRY CORP., D AND G MASONRY CORP., NEIL
GELARDO and JUAN LUIS LARINO, as individuals,

> Defendants.

---

## CLASS ACTION COMPLAINT

---

> HELEN F. DALTON & ASSOCIATES, P.C.
> Attorneys for Plaintiffs
> 69-12 Austin Street
> Forest Hills, NY 11375
> Phone (718) 263-9591
> Fax (718) 263-9598

---

**TO:**

**LARINO MASONRY INC.**
**1657 8th AVENUE**
**BROOKLYN, NY 11215**

**JUAN LUIS LARINO**
**1657 8TH AVENUE**
**BROOKLYN, NY 11215**

**L AND G MASONRY CORP.**
**500 CENTRAL PARK AVENUE,**
**APT. 232,**
**SCARSDALE, NEW YORK 10583**

**D AND G MASONRY CORP.**
**500 CENTRAL PARK AVENUE,**
**APT. 232,**
**SCARSDALE, NEW YORK 10583**

**NEIL GELARDO**
**500 CENTRAL PARK AVENUE,**
**APT. 232,**
**SCARSDALE, NEW YORK 10583**